An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

MARY F. GRANGER,
Appellant,
vs.
DON GRANGER,
Respondent.

No. 58722

FILED

JUN 17 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

This is a proper person appeal from a district court divorce decree. Eighth Judicial District Court, Clark County; Gayle Nathan, Judge.

Appellant challenges the district court's decision to award alimony to respondent. While this court will uphold the district court's alimony award absent an abuse of discretion, *Schwartz v. Schwartz*, 126 Nev. ___, ___, 225 P.3d 1273, 1275 (2010), we agree with appellant's contentions and conclude that the district court abused its discretion in awarding respondent $4,000 in monthly alimony for a period of ten years.

First, the district court improperly factored respondent's child support obligation into the alimony award. That is, by adjusting appellant's monthly income upward in an amount equal to respondent's monthly child support obligation and by adjusting respondent's monthly income downward in the same amount before splitting the difference between the parties' incomes, the district court effectively nullified respondent's child support obligation. *See* NRS 125.150(8)(j) (prohibiting the district court from considering a child support award in determining

SUPREME COURT
OF
NEVADA

(O) 1947A

13-17755

an appropriate alimony award); NRS 125B.020(1) (imposing a duty on all parents to provide their children with necessary maintenance and support); *BMW v. Roth*, 127 Nev. ___, ___, 252 P.3d 649, 657 (2011) ("A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law . . . ." (quotation omitted)).

Second, while the district court appears to have been attempting to afford respondent a lifestyle similar to that which he enjoyed during the marriage, this cannot be accomplished solely at the expense of the paying spouse. NRS 125.150(1)(a) (indicating that alimony must be awarded under terms that are "just and equitable"). Here, despite finding that "there are no issues as to the physical and mental condition of [respondent] as it related to the financial condition, health and ability to work," the district court awarded substantial alimony for a period of ten years. This award was made in spite of the fact that the district court "ha[d] concerns about the ability of [respondent] to manage his money." Thus, while it is not necessarily an abuse of discretion to award ten years of alimony to a spouse who has money-management problems and who is wholly capable of working, the district court's factual findings in this case simply do not support such an award.

Accordingly, we reverse the district court's alimony award, and remand this matter to the district court for further proceedings. On remand, the district court is instructed to exclude child support in determining any alimony award, and it is further instructed to ensure that there is a basis for the duration of any such award. NRS 125.150(8).

Appellant also seeks reversal of the district court's child support award. Because a child support award is dictated by a statutory formula driven by the paying parent's gross monthly income, *see* NRS

125B.070; NRS 125B.080(1), and because we perceive no abuse of discretion in the district court's finding that respondent's salary was $96,000 per year, we affirm the district court's child support award. *Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996) (indicating that child support matters are reviewed for an abuse of discretion).

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Gayle Nathan, District Judge
Carolyn Worrell, Settlement Judge
Mary F. Granger
Lance J. Hendron
Eighth District Court Clerk